STATE OF NORTH CAROLINA ~~FILED~~ IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF DURHAM CASE NO. ___18___ CVS _3188_

**FILED**

2018 SEP -6 P 2: 37

DURHAM CO., D.S.C.

BY _____

| | | |
|---|---|---|
| DEMETRA RUSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| THE NRP GROUP LLC, NRP | ) | **(Class Action)** |
| MANAGEMENT, LLC, NRP NORTH | ) | |
| CAROLINA, LLC, NRP PARTNERS, | ) | |
| LLC, NRP ALSTON VILLAGE, LLC | ) | |
| d/b/a FALLS POINTE AT THE PARK , | ) | |
| and NRP ALSTON MANAGEMENT, | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | | |

Plaintiff Demetra Rush (hereafter "Plaintiff"), on behalf of herself and the proposed

Class, files this Complaint against Defendants The NRP Group, LLC, NRP Management, LLC,

NRP North Carolina, LLC, NRP Alston Village, LLC, and NRP Alston Management, LLC,

(hereinafter "Defendants") and states:

## NATURE OF THE ACTION

1.     This is an action brought by Plaintiff and others similarly situated due to
unlawful and unfair debt collection practices engaged in by Defendants in their attempts to
collect upon fees, penalties, and other improper charges, when such costs, fees, charges, and
amounts are not owed and expressly prohibited.

2.     This case arises under the Residential Rental Agreements Act, N.C.G.S. § 42-
38 *et seq.*, the Uniform Commercial Code - Negotiable Instruments, N.C.G.S. § 25-3-506, the
North Carolina Debt Collection Act, N.C.G.S. § 75-50 *et seq.*, the North Carolina common
law of contracts, and the Uniform Declaratory Judgment Act, N.C.G.S. § 1-253, *et seq.*

1

3. This is a class action, filed pursuant to Rule 23 of the North Carolina Rules of Civil Procedure on behalf of all tenants of any North Carolina apartment complex in which Defendants provide property management services, including but not limited to tenants of the apartment complex owned by NRP Alston Village, LLC d/b/a Falls Pointe at the Park ("Falls Pointe") in Durham, North Carolina who pursuant to Defendants' standardized policies and procedures, have during the past four (4) years or will in the future (a) receive one or more communications from Defendants that violate North Carolina law as further set forth herein, and/or (b) have paid amounts in excess of those allowed by North Carolina law.

## JURISIDICTION AND VENUE

4. The foregoing allegations are incorporated by reference and realleged herein.

5. This Court has jurisdiction over the parties and this action pursuant to N.C.G.S. § 42-44, N.C.G.S. § 25-1-305, N.C.G.S. §§ 75-16 and 56, N.C.G.S. § 1-75.4 and N.C.G.S. § 1-253.

6. Venue is proper under N.C.G.S. § 1-79 in that Defendants maintain a place of business in Durham County, North Carolina, and have regularly engaged in business in Durham County, North Carolina.

## PARTIES

7. The foregoing allegations are incorporated by reference and realleged herein.

8. Plaintiff Demetra Rush is a citizen and resident of Durham County, North Carolina who at all relevant times, leased an apartment from Defendants at Falls Pointe..

9. Plaintiff is a "tenant" subject to the protections of N.C.G.S. § 42-46.

10. Plaintiff is a "consumer" as defined by N.C.G.S. § 75-50.

11. Defendant The NRP Group, LLC ("NRP") is, upon information and belief, a

2

limited liability company organized under the laws of the state of Ohio, maintains a business in Durham County, North Carolina, and has regularly engaged in business in Durham County, North Carolina.

12. Defendant NRP Management, LLC is, upon information and belief, a limited liability company organized under the laws of the state of Ohio, maintains a business in Durham County, North Carolina, and has regularly engaged in business in Durham County, North Carolina.

13. Defendant NRP North Carolina, LLC is, upon information and belief, a limited liability company organized under the laws of the state of North Carolina, maintains a place of business in Durham County, North Carolina, and has regularly engaged in business in Durham County, North Carolina.

14. Defendant NRP Management, LLC is, upon information and belief, a limited liability company under the laws of the state of Ohio, maintains a place of business in Durham County, North Carolina, and has regularly engaged in business in Durham County, North Carolina.

15. NRP Alston Village, LLC d/b/a Falls Pointe at the Park is, upon information and belief, a limited liability company organized under the laws of the state of North Carolina, maintains a place of business in Durham County, North Carolina, and has regularly engaged in business in Durham County, North Carolina.

16. NRP Alston Management, LLC is, upon information and belief, a limited liability company organized under the laws of the state of North Carolina, maintains a place of business in Durham County and has regularly engaged in business in Durham County, North

3

Carolina.

17. Upon information and belief, Defendant NRP employs the persons and other entities to operate the properties in North Carolina, including the Falls Pointe apartments.

18. Upon information and belief, NRP, is the only property management company engaged in the work and business of the Falls Pointe apartments and other North Carolina properties.

19. Upon information and belief, the Defendants are so closely related in ownership and management, and that each works closely in concert with the other, such that each has become the *alter ego* of the other. With respect to all actions and decisions to this action, the Defendants have operated as a single entity.

20. Defendants are each "landlords" as defined by N.C.G.S. §42-40(3).

21. At all times relevant to this action, Defendants, in the ordinary course of business as the lessors of residential real property, engaged in acts or practices affecting commerce within the meaning of N.C.G.S. §75-1.1.

22. Defendants are each "debt collectors" as defined by N.C.G.S. § 75-50.

## GENERAL BACKGROUND

23. The foregoing allegations are incorporated by reference and realleged herein.

24. Upon information and belief, at all times relevant to the allegations contained herein, Defendants entered into lease agreements with all North Carolina tenants that state in Paragraph 31 "[i]n the event we file a summary ejectment lawsuit against you, we may also recover from you the highest of *one* of the following fees (which shall be in addition to late fees, attorney's fees, and applicable court costs)" See attached **Exhibit 1** (emphasis in original).

4

Paragraph 31 of the lease agreements then identify and describe three fees: a Complaint Filing Fee, a Court Appearance Fee, and a Second Trial Fee.

25.     The Complaint Filing Fee, Court Appearance Fee, and Second Trial Fee are the same fees described in N.C.G.S. § 42-46 (e) through (g).

26.     The lease agreements claim that Defendants may collect the above fees "fees (which shall be in addition to late fees, attorney's fees, and any applicable court costs)" upon a default. The "reasonable attorney's fees and court costs" are separate and apart from the Complaint Filing Fee, Court Appearance Fee, and Second Trial Fee.

27.     Upon information and belief, at all times relevant to the allegations contained herein, Defendants have maintained a uniform, statewide policy of requiring any North Carolina tenant who fails to make a full and complete rental payment, or maintains a balance on their account ledger in excess of $0.00 on or about the 10th day of any given month to pay filing fees ("Filing Fees"), sheriff service fees ("Service Fees"), and attorneys' fees ("Attorneys' Fees") (collectively the Filing Fees, Service Fees, and Attorneys' Fees are referred to as the "Eviction Fees") (herein described as the ("Collection Policy"). The "reasonable attorney's fees and court costs" described in the Lease are the same as Eviction Fees.

28.     Eviction Fees are additional fees separate and apart from the ones expressly authorized by N.C.G.S. § 42-46.[1] Instead, Eviction Fees constitute the "reasonable attorneys' fees, and any applicable court costs" described in the lease.

---

[1] In direct response to the Honorable A. Graham Shirley, Wake County Superior Court Judge, holding that the claiming of Eviction Fees was unlawful [See **Exhibit 5**], landlords petitioned and successfully altered the law. On June 25, 2018, S.L. 2018-50, entitled "An Act to Allow Landlords to Recover Out-of-Pocket Expenses in Summary Ejectment Cases" was enacted to amend N.C.G.S. § 42-46 ("the Act"). [See attached **Exhibit 6**]. The Act confirms that Defendant was not previously allowed to automatically charge tenants the Eviction Fees.

29. Eviction Fees are fees set by the North Carolina Legislature for filing a complaint in summary ejectment and for service of process by a sheriff, and Defendants' attorneys' fees for filing an eviction.

30. Upon information and belief, Defendants entered into a legal services agreement with a law firm that charges a flat fee per eviction. Upon information and belief, this legal services agreement limits the scope of the law firm's representation to only seeking possession of the apartment premises on behalf of Defendants and not any money owed.

31. Throughout the Relevant Time Period, the Filing Fees were $96.00 and the Service Fees were $30.00.

32. Upon information and belief, when a tenant fails to make a full and complete rental payment, or maintains a rental balance on their account ledger in excess of $0.00 after the 5th day of any given month, Defendants cause written letters or emails to be delivered to the tenant stating that Defendants will file a summary ejectment (eviction) lawsuit if he or she fails to make a complete rental payment and that once the eviction lawsuit is filed, the tenant will be charged with Eviction Fees (hereinafter "Initial Collection Letter").

33. Upon information and belief, pursuant to the Collection Policy, tenants owe, and are required to pay Eviction Fees even if: (a) the complaint in summary ejectment had not yet even been filed; (b) the complaint in summary ejectment is dismissed; or (c) a North Carolina Magistrate Judge orders the Eviction Fees to be assessed against Defendants.

34. Upon information and belief, each and every tenant of a property owned or managed by Defendants, or either of them, is subject to the Collection Policy.

35. Upon information and belief, the Collection Policy is uniformly applied to each and every tenant that resides at any of the apartments owned or managed by Defendants.

6

36.  Upon information and belief, the Collection Policy is mandatory throughout Defendants' properties; individual managers, employees, associates, or other agents of Defendants have no discretion as to the implementation of the Collection Policy.

37.  Upon information and belief, pursuant to the Collection Policy, when a tenant fails to make a full and complete rental payment, or maintains a balance on their account ledger in excess of $0.00 on or around the 10th day of any given month, Defendants file legal action to evict the tenant.

38.  Immediately before filing legal action to evict a tenant, or shortly thereafter, Defendants post to the tenant's account ledger all Eviction Fees as immediately due and owing.

39.  All the Eviction Fees are posted to a tenant's account ledger are in addition to, and separate from, the late fees and the fees specifically authorized by N.C.G.S. § 42-46(e)-(g), including the "Complaint-Filing Fee."

40.  Upon information and belief, pursuant to the Collection Policy, Eviction Fees are entered into a tenant's account ledger prior to a North Carolina court awarding such amounts to Defendants, and sometimes before a complaint in summary ejectment is even filed.

41.  At the time the Eviction Fees are entered into the account ledger as immediately due and owing, there is no guarantee that Defendants will ever be awarded such fees by a North Carolina court.

42.  Upon information and belief, entering the Eviction Fees on a tenant's account ledger as immediately due and owing is mandatory throughout Defendants' North Carolina properties; individual managers, employees, associates, or other agents of Defendants have no discretion as to the implementation of the Collection Policy.

43.  Upon information and belief, after causing the Eviction to be assessed against the

7

tenant's account ledger, and with no guarantee such amounts will ever be awarded by a North Carolina court, Defendants immediately begin attempting to collect upon the balance contained on the account ledger pursuant to its Collection Policy.

44. Upon information and belief, after the Eviction Fees are entered onto an individual's account ledger, there are no occasions in which Defendants will review and reconsider whether such Eviction Fees were improperly assessed.

45. Upon information and belief, even if a complaint in summary ejectment filed against a tenant is dismissed or not awarded, there are no occasions in which Defendants will review and reconsider whether such Eviction Fees were improperly assessed.

46. Upon information and belief, after the Eviction Fees are entered onto an tenant's account ledger, there are no occasions in which Defendants will remove such Eviction Fees from an individual tenant's account ledger.

## RUSH'S FACTS

47. Rush entered into a lease with Defendants for an apartment at Falls Pointe located at 300 Cascade Falls Lane # 207, Durham, North Carolina 27713 ("Rush's Apartment) for a period from November 1, 2017 through October 31, 2018. Rush's lease is attached hereto as **Exhibit 1.**

48. The Lease stated that "[i]n the event we file a summary ejectment lawsuit against You . . . You shall be liable to Us for the highest **ONE** of" the Complaint-Filing Fee, Court Appearance Fee, and Second Trial Fee which "shall be in addition to late fees, attorney's fees, and any applicable court costs."

49. Pursuant to the lease, Rush's total monthly rent for his Apartment is $870.00.

50. Upon information and belief, on or March 2017, Rush received an Initial

8

Collection Letter.

51.     Upon information and belief, Rush was charged a late fee of $43.50 pursuant to N.C.G.S. § 42-46(a).

52.     Upon information and belief, all other tenants of Defendants received an Initial Collection Letter substantially identical to the one sent to Rush.

53.     Upon information and belief, the Initial Collection Letter threatened to charge Eviction Fees if Rush did not make a complete rental payment.

54.     Defendants were not entitled to receive Eviction Fees when it sent the Initial Collection Letter to Rush.

55.     In or about March 2017, Eviction Fees in the amount of $201.00 were placed on Rush's account ledger.

56.     At the time the Eviction Fees were placed on Rush's ledger, no hearing had been held and no attorney had appeared in Court to evict Rush and/or seek the award of Eviction Fees.

57.     At the time the Eviction Fees were placed on Rush's ledger, no attorney had been hired by Defendants to collect any debt.

58.     Defendants filed a Complaint in Summary Ejectment in the Small Claims Division of Durham County General Court of Justice on  March 27, 2017, alleging Rush owed past due rent.

59.     In the Complaint in Summary Ejectment action filed against Rush, Defendants wrote that they "hereby omit[] any claim for rents or damages and is seeking possession of the premises only. [Defendants] reserve[] the right to seek any monetary damages in a separate civil action." See **Exhibit 2.**

9

60.     Upon information and belief, the Eviction Fees were placed on Rush's ledger before the Complaint in Summary Ejectment action was served on March 29, 2017. See **Exhibit 3.**

61.     On or about April 5, 2017, Defendants obtained a judgment against Plaintiff. The magistrate judge ordered Plaintiff to be removed from the apartment and that Defendants be put in possession of it. See **Exhibit 4.**

62.     The court did not tax the costs of the action against Rush.

63.     Even though the court did not tax the costs of the action against Rush, Defendants still required that Rush pay the Eviction Fees.

64.     Rush paid the Eviction Fees when they were not owed

65.     Rush did not settle any claim against Defendants or give up any legal rights by paying the Eviction Fees.

## COMMON CLASS ALLEGATIONS

66.     The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

67.     Pursuant to Rule 23 of the North Carolina Rules of Civil Procedure, Plaintiff brings this action individually and on behalf of the two classes:

**The Initial Collection Letter Class (represented by Plaintiff):**

> All tenants of Defendants' Apartments in North Carolina who (a) at any point within the four (4) year period preceding the filing of Plaintiff's Complaint through June 25, 2018 (b) resided in one of the apartments owned or managed by Defendants' in North Carolina (c) were sent the Initial Collection Letter that (d) threatened to charge Eviction Fees in order to dismiss the eviction action.

10

**The Fee Class (represented by Plaintiff):**

>All tenants of Defendants' Apartments in North Carolina who (a) at any point within the four (4) year period preceding the filing of Plaintiff's Complaint through June 25, 2018 (b) resided in one of the apartments owned or managed by Defendants' in North Carolina (c) were charged and (d) actually paid Eviction Fees prior to a North Carolina court awarding such Eviction Fees to Defendants.

68. Excluded from the classes are: (a) any Judge or Magistrate presiding over this action and members of their families; (b) Defendants and any entity in which Defendants has a controlling interest in Defendants and its legal representatives, assigns and successors; and (c) all persons and entities who properly execute and file a timely request for exclusion from the classes.

69. *Commonality*: All questions concerning Defendants' Collection Policy and Defendants' sending the Initial Collection Letter are common. Whether Defendants may lawfully charge Eviction Fees separate from and in addition to what is authorized by N.C.G.S. § 42-46 is a question that is common for all members of the classes. Each and every member of the proposed Class is subject to Defendants' policies and procedures. Further, the answer to this question will drive other answers in the litigation, including whether the Initial Collection Letter is lawful and whether any portion of Defendants' lease is void and unenforceable.

70. *Predominance:* Common questions of law and fact predominate over any individual issues that may be presented, because Defendants have a pattern, practice and policy of charging tenants Eviction Fees after the 10th day of the month as described herein. These questions include, but are not limited to:

>a. Whether Defendants' pattern, practice, and policy of collecting and/or attempting to collect debt violated N.C.G.S. §§ 42-46 and 75-50 et seq. in that

Defendant represented that a specific amount of debt may be increased by Eviction Fees prior to the award of such amounts by a North Carolina court;

b.     Whether Defendants' pattern, practice, and policy of utilizing the Initial Collection Letters violated N.C.G.S. §§ 42-46 and 75-50 et seq. by falsely representing Defendant's ability to collect Eviction Fees;

c.     Whether Defendants' pattern, practice, and policy of utilizing the Post-Filing Collection Letters violated N.C.G.S. §§ 42-46 and 75-50 et seq. by falsely representing Defendant's ability to collect Eviction Fees;

d.     Whether Defendants' pattern, practice, and policy of collecting and/or attempting to collect Eviction Fees was illegal under N.C.G.S. §§ 42-46 and 75-50 et seq.;

e.     Whether Defendants' pattern, practice, and policy of collecting and/or attempting to collect Eviction Fees violated N.C.G.S. § 75-1.1 et seq.;

f.     Whether Defendants' pattern, practice, and policy of collecting and/or attempting to collect debt violated N.C.G.S. § 75-1.1 et seq. in that Defendant refused to refund Eviction Fees after a Court taxed the cost of the action against Defendant.

g.     Whether Defendants' pattern, practice, and policy of collecting and/or attempting to collect Attorneys' Fees was in violation of N.C.G.S. §§ 6-21.2, 42-46, and 75-50 et seq. in that Defendants' attorneys were not collecting upon any debt;

h.     Whether Defendants' pattern, practice, and policy of collecting and/or attempting to collect Eviction Fees constituted a violation of N.C.G.S. § 75-1.1

12

et seq. in that Defendant unlawfully claimed Attorneys' Fees were due and owing despite the absence of any statutory authority granting such fees.

i.      Whether any portion of Defendants' lease was void and unenforceable because it contains a fee for filing a complaint for summary ejectment and/or money owed other than the fees expressly authorized by N.C.G.S. § 42-46 (e) through (g).

71.     *Numerosity*: The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are readily identifiable through the business records maintained by Defendants, and may be notified of the pendency of this action by published and/or mailed notice. Members of the classes include hundreds of present and former tenants of Defendants' Apartments who have either already been charged or will be charged with Eviction Fees in the future unless the illegal policy, practice and procedure is enjoined.

72.     *Typicality*: Plaintiff's claims are typical of the claims of the proposed classes and all are based on the same facts and legal theories, as all such claims arise out of Defendants' conduct in that Defendants have a specific policy of attempting to unlawfully collect debt from each member of the proposed classes Eviction Fees following the expiration of the 13th day of the month.

73.     *Adequate Representation*: Plaintiff is an adequate representative of the class in that the Plaintiff does not have antagonistic or conflicting claims with other members of the class. Plaintiff has also retained counsel experienced in the prosecution of complex class actions and consumer litigation. Neither Plaintiff nor her counsel have any interests that might cause them not to vigorously pursue this action. Plaintiff is aware of her responsibilities to the putative class and has accepted such responsibilities.

13

74.    *Superiority*: A class action is superior to all other available methods for fair and efficient adjudication of this controversy. Plaintiff anticipates no difficulty in managing and maintaining this action as a class action. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

75.    Further, Defendants have acted and refused to act on grounds generally applicable to the proposed class, thereby making appropriate final injunctive and declaratory relief with respect to the class as a whole.

### FIRST CAUSE OF ACTION:
### Violation of the North Carolina Residential Rental Agreements Act
### N.C.G.S. § 42-46
### (on behalf of all classes)

76.    All paragraphs of this complaint are incorporated herein as if fully restated.

77.    Defendants' conduct as described above is subject to N.C.G.S. § 42-46 of the Residential Rental Agreements Act.

78.    N.C.G.S. § 42-46(e)-(h) specifically limits the amounts that can be charged to a tenant for eviction related fees. Any amounts charged in excess of this limitation is against North Carolina's public policy and therefore void and unenforceable.

79.    The Eviction Fees charged by Defendants to Plaintiff and members of the Class were separate from and in excess of the amount allowed under N.C.G.S. § 42-46 and constitute a violation of North Carolina law.

80.    The amount of Eviction Fees charged by Defendants to Plaintiff and other members of the Class are in excess of the amounts allowed under N.C.G.S. § 42-46.

81.    As a proximate result of Defendants' conduct, Plaintiff and all members of the

14

Class were damaged and are entitled to recover all amounts of Eviction Fees paid to Defendants in violation of N.C.G.S. § 42-46. This amount is in excess of $25,000.

## SECOND CAUSE OF ACTION
### Violation of North Carolina Debt Collection Act
### N.C.G.S. § 75-50, *et seq.*
### (on behalf of all classes)

82. All paragraphs of this complaint are incorporated herein as if fully restated.

83. Plaintiff and each member of the Classes are a "consumer," as that term is defined by N.C.G.S. § 75-50.

84. The amount purportedly owed to Defendants by Plaintiff and each member of the Proposed Class is a "debt," as that term is defined by N.C.G.S. § 75-50.

85. At all times relevant to this action, Defendants, in the ordinary course of business as lessors of residential rental property, engaged in acts or practices affecting commerce within the meaning of N.C.G.S. § 75-1.1.

86. Defendants, in seeking to recover past due rent, fees, and other charges, are "debt collectors" as defined by the North Carolina Debt Collection Act ("NCDCA"), N.C.G.S. § 75-50.

87. Defendants' actions described above constitute the collection of a "debt" under N.C.G.S. § 75-50.

88. Defendants are subject to the requirements of N.C.G.S. § 75-50 *et seq.*, that prohibits certain activities by debt collectors.

89. Defendants violated N.C.G.S. § 75-51 by collecting or attempting to collect debt by means of unfair threats, coercions, or attempts to coerce, including by collecting or attempting to collect debt by threatening to take action not permitted by law.

90. Defendants violated N.C.G.S. § 75-51(8) by threatening to take and taking

15

actions not permitted by law, including, *inter alia*, threatening to assess and collect Eviction Fees without a legal justification.

91.     Defendants violated N.C.G.S. § 75-54 by collecting or attempting to collect a debt by means of fraudulent, deceptive, and/or misleading representations, including, *inter alia*, threatening to assess and collect Eviction Fees without a legal justification.

92.     Defendants' communications to Plaintiff and members of the Class constituted "communications attempting to collect a debt" subject to the disclosure requirement of N.C.G.S. § 75-54(2).

93.     Defendants' violated N.C.G.S. § 75-55 by collecting or attempting to collect debt by using unconscionable means.

94.     A violation of N.C.G.S § 42-46 constitutes an unfair debt collection attempt under N.C.G.S.§ 75-50 *et seq.*

· 95.     Defendants collected or attempted to collect from Plaintiff and members of the class a charge, fee or expense incidental to the principal debt of the monthly rent owed, that was legally prohibited under N.C.G.S. 42-46, in violation of N.C.G.S. § 75-51(8), N.C.G.S. § 75-54, and N.C.G.S. §75-55 (2).

96.     Defendants actions in violation of North Carolina's Unfair Debt Collection Act were willful.

97.     Plaintiff and each member of the Class were injured by Defendants' actions and are entitled to damages to be established at trial as well as statutory damages per violation in an amount ranging from $500.00 to $4,000.00 per violation resulting from each of Defendants' unfair debt collection practices pursuant to N.C.G.S. §75-56.

98.     Plaintiff and each member of the Class were injured and sustained damages by

16

Defendants' actions and are entitled to actual damages to be established at trial as well as statutory damages for each violation in the maximum amount allowed by law, as well as reasonable attorneys' fees for an amount in excess of $25,000.00.

### THIRD CAUSE OF ACTION
### Violation of the North Carolina Unfair and Deceptive Trade Practices Act
### N.C.G.S. § 75-1.1, *et seq.*
### (on behalf of all classes)

99.    All paragraphs of this complaint are incorporated herein as if fully restated.

100.    At all times relevant herein, Defendants were engaged in commerce in the State of North Carolina.

101.    The conduct of Defendants as set forth herein is against the established public policy of the State of North Carolina; is unethical, oppressive, unscrupulous, and substantially injurious to the consumers of North Carolina; and has the capacity and tendency to deceive the average consumer.

102.    Defendants' violations of the UDTPA include, but are not limited to, (a) misrepresenting the character, amount, or legal status of the obligation alleged to be owed by Plaintiff and each member of the class; (b) employing a system, policies, and procedures for the collection of debt which is unfair, deceptive, and misleading, and not permitted by both the public policy of North Carolina and the express statutory provisions of N.C.G.S. § 42-46; (c) utilizing false representations and deceptive measures to collect or attempt to collect Eviction Fees which are unlawful; (d) undertaking actions which Defendants knew, or should have known, offends well-established public policy, state law, and was otherwise unlawful, unfair, deceptive, misleading, coercive, and substantially injurious to consumers, such as Plaintiff; and (e) employing and otherwise undertaking the aforementioned procedures, policies, actions, and methods with the explicit knowledge that such conduct was in violation of applicable North

17

Carolina law.

103.    The matters alleged herein were done willfully, or with the conscious disregard of the rights of Plaintiff and each member of the Class.

104.    Plaintiff and members of the Class suffered actual injury as a result of Defendants' unfair actions. Such injury consists of, but is not limited to emotional distress damages and money damages resulting from Defendants' demanding and obtaining fees and costs in excess of amounts allowed pursuant to North Carolina law from Plaintiff and each member of the Class.

105.    Defendants' actions were in or affecting commerce and constitute unfair and deceptive trade practices, which are proscribed by Chapter 75 of the North Carolina General Statutes.

106.    Plaintiff and each member of the Class have been damaged and are entitled to recover treble damages and attorneys' fees incurred in this action.

## FOURTH CAUSE OF ACTION
### Petition for Declaratory Judgment N.C.G.S. § 1-253, *et seq.*
### (on behalf of all classes)

107.    All paragraphs of this complaint are incorporated herein as if fully restated.

108.    Plaintiff and the members of the classes file this Petition for a Declaratory Judgment under N.C.G.S. Chapter 1, Article 25, and the Court has jurisdiction of this matter under such statute.

109.    Plaintiff and the members of the classes have an actual controversy with Defendants regarding the validity and enforceability of a portion of the Lease.

110.    The Lease states that, if Defendants file a summary ejectment lawsuit against a tenant, they may recover one of the three fees identified in N.C.G.S. § 42-46 (e) through (g) in

18

addition to the Eviction Fees. Upon information and belief, every lease during the Relevant Time Period, including Plaintiff's Lease, contains this same provision.

111.     However, N.C.G.S. § 42-46(h)(3) stated (prior to the enactment of the Act) that "[i]t is contrary to public policy for a landlord to put in a lease or claim any fee for filing a complaint for summary ejectment and/or money owed other than the ones expressly authorized by subsections (e) through (g) of this section, and a reasonable attorney's fee as allowed by law."

112.     The Eviction Fees, described in the Lease, constitute a "fee for filing a complaint for summary ejectment" and are separate from and in addition to "the ones expressly authorized by subsections (e) through (g)."

113.     Under N.C.G.S. § 42-46(h)(4), "[a]ny provision of a residential rental agreement contrary to the provisions of this section is against the public policy of this State and therefore void and unenforceable." Therefore, because Defendants' lease contains a provision that was void and unenforceable, Plaintiff and the members of the proposed Classes seek an order declaring Defendants' North Carolina leases to be void and unenforceable insofar as such leases provide for a fee other than the ones expressly authorized by N.C.G.S. § 42-46 (e) through (g).

114.     Plaintiff and the members of the proposed Classes have an actual controversy with Defendants resulting from Defendants' erroneous interpretation of the applicable law.

115.     It is established law in North Carolina that N.GS.S. § 42-33 is "remedial in nature and will apply only where the parties' lease does not cover the issue of forfeiture of the lease term upon nonpayment of rent. Where the contracting parties have considered the issue, negotiated a response, and memorialized their response within the lease, the trial court appropriately should decline to apply these statutory provisions." *Charlotte Office Tower Associates v. Carolina SNS Corp.*, 89 N.C. App. 697, 701 (N.C. App. 1998).

19

116.     Defendants entered into written leases that cover the issue of forfeiture of the lease term upon nonpayment of rent with Plaintiff and the members of the proposed Classes.

117.     Therefore, because the parties have considered the issue, negotiated a response, and memorialized the response within a written lease, Plaintiff and the members of the proposed Classes seek an order declaring that N.C.G.S. § 42-33 is not applicable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff; and members of the proposed Classes respectfully request that this Court:

1.     Assume jurisdiction over this action;

2.     Certify the Classes and appointing Plaintiff and their counsel to represent the classes;

3.     Issue a declaratory judgment that Defendants' actions as set forth herein violated the rights of Plaintiff and each member of the Proposed Class pursuant to N.C.G.S. § 75-50 *et seq.*, or in the alternative N.C.G.S. § 75-1.1;

4.     Issue a declaratory judgment that Defendants' Lease and any substantially similar residential lease agreement used by Defendants is contrary to N.C.G.S. § 42-46 and therefore void and unenforceable as against public policy;

5.     Award Plaintiff and each member of the Proposed Class compensatory damages in an amount to be determined at trial;

6.     Award Plaintiff and each class member a statutory penalty in the amount of no more than $4,000 for each violation of N.C.G.S. § 75-50 *et seq.*;

7.     Award Plaintiff and each class member damages calculated pursuant to N.C.G.S. § 75-8 for each week that Defendants' illegal conduct occurred;

8.     Award Plaintiff all statutory and actual damages to which she are entitled

20

separate and apart from the Proposed Class in an amount in excess of $25,000.00;

9. Treble all damages resulting from a violation of N.C.G.S. § 42-46 in accordance with N.C.G.S. § 75-1.1;

10. Award attorneys' fees to Plaintiff and members of the Proposed Class pursuant to N.C.G.S. § 75-16.1;

11. Tax the costs of this action to Defendants, or any of them;

12. Allow a trial by jury on all issues so triable; and

13. Grant Plaintiff and the members of the Proposed Class such other and further relief as the Court deems just and proper.

Respectfully submitted on this ⁴ᵗʰ day of September, 2018.

WHITFIELD BRYSON & MASON LLP

Scott C. Harris
N.C. Bar No.: 35328
Patrick M. Wallace
N.C Bar No.: 48138
900 W. Morgan Street
Raleigh, North Carolina 27603
Telephone: (919) 600-5000
Facsimile: (919) 600-5035
scott@wbmllp.com
pat@wbmllp.com

MAGINNIS LAW, PLLC
Edward H. Maginnis
N.C. State Bar No. 39317
Karl S. Gwaltney
N.C. State Bar No. 45118
4801 Glenwood Avenue, Suite 310
Raleigh, North Carolina 27612

21



## Apartment Lease Contract

Date of Lease Contract: __December 12, 2017__
(when the Lease Contract is filled out)

This is a binding document. Read carfully before signing.

**⟨⟨⟨⟨⟨⟨⟨⟨ Moving In — General Information ⟩⟩⟩⟩⟩⟩⟩⟩**

**1. PARTIES.** This Lease Contract (sometimes referred to as the "lease") is between you, the resident(s) (list all people signing the Lease Contract):

__Breauaja Rush__

_____

__HRP Alazan Village, LLC__ _____, and us, the owner:

(name of apartment community or title holder). You've agreed to rent Apartment No. __167207TG__, at __365 CASCADE FALLS LANE #207__ _____ (street address) in __Durham__ _____ (city), North Carolina, __27713__ _____ (zip code) for use as a private residence only. The terms "you" and "your" refer to all residents listed above. The terms "we," "us," and "our" refer to the owner listed above (or any of owner's successors' in interest or assigns). Written or electronic notice to or from our managers constitutes notice to or from us. If anyone else has guaranteed performance of this Lease Contract, a separate Lease Contract Guaranty for each guarantor is attached.

**2. OCCUPANTS.** The apartment will be occupied only by you and (list all other occupants not signing the Lease Contract):

__Breauaja Rush, Dammni Tneacham__

_____

No one else may occupy the apartment. Persons not listed above must not stay in the apartment for more than 2 consecutive days without our prior written consent, and no more than twice that many days in any one month.

**3. LEASE TERM.** The initial term of the Lease Contract begins on the __1st__ day of __November__, __2017__, and ends at midnight the __31st__ day of __October__, __2018__. This Lease Contract will automatically renew month-to-month unless either party gives at least __60__ days written notice of termination or intent to move-out as required by paragraph 39 (Move-Out Notice).

**4. SECURITY DEPOSIT.** Unless modified by addenda, the total security deposit at the time of execution of this Lease Contract for all residents in the apartment is $___370.00___, due on or before the date this Lease Contract is signed, to be administered in accordance with the North Carolina Tenant Security Deposit Act, N.C.G.S. § 42-50 et seq.

In holding your security deposit, we will (check one):

☐ Deposit the security deposit in a trust account with (name of bank or savings institution) _____
located at (address) _____

or

☐ Furnish a bond from (name of bonding company) _____ located at (address) _____

The security deposit may, in our discretion, be deposited in an interest-bearing account with the bank or savings institution named above. We may retain any interest earned upon the security deposit and may withdraw such interest, if any, from such account as it accrues as often as is permitted by the terms of the account.

Your security deposit will be held and, upon termination of your tenancy, be applied in the manner and for the purposes set forth in paragraphs 39 (Security Deposit Deductions and Other Charges) and 40 (Deposit Return, Surrender, and Abandonment) of this Lease Contract.

**5. KEYS AND FURNITURE.** You will be provided __3__ apartment key(s), __1__ mailbox key(s), and __3__ other access devices for __Common Area__. Your apartment will be (check one): ☐ furnished or ☐ unfurnished.

**6. RENT AND CHARGES.** Unless modified by addenda, you will pay $___970.00___ per month for rent, payable in advance and without demand:

☒ at the on-site manager's office, or
☐ at our online payment site, or
☐ or _____

Prorated rent of $_____ is due for the remainder of (check one): ☐ 1st month or ☐ 2nd month, on _____

Otherwise, you must pay your rent on or before the 1st day of each month (herein called the due date) with no grace period. Cash is unacceptable without our prior written permission. You must not withhold or offset rent unless authorized by statute. We may, at our option, require at any time that you pay all rent and other sums in cash, certified or cashier's check, money order, or one monthly check rather than multiple checks. At our discretion, we may convert any and all checks via the Automated Clearing House (ACH) system for the purposes of collecting payment. If you don't pay all rent on or before the __5__ day of the month, you'll pay a late charge of 5% of the rental payment or $15.00, whichever is greater. You'll also pay a charge of $___25.00___ as provided by law for each returned check or rejected electronic payment. If you don't pay rent on time, you'll be delinquent and all remedies under this Lease Contract will be authorized. We'll also have all other remedies for such violation.

**7. UTILITIES.** We'll pay for the following items, if checked and if permitted by law:

☐ water       ☐ gas          ☐ electricity    ☐ master antenna
☐ wastewater  ☒ trash        ☐ cable TV       ☐ other _____

You'll pay for all other utilities, related deposits, and any charges, fees, or services on such utilities. You must not allow utilities to be disconnected — including disconnection for not paying your bills — until the lease term or renewal period ends. Cable channels that are provided may be changed during the lease term if the change applies to all residents. Utilities may be used only for normal household purposes and must not be wasted. If your electricity is ever interrupted, you must use only battery-operated lighting. If any utilities are submetered for the apartment, or prorated by an allocation formula, we will attach an addendum to this Lease Contract in compliance with state agency rules or any ordinance.

**8. INSURANCE.** We do not maintain insurance to cover your personal property or personal injury. We are not responsible for any accident, injury, or damage to personal property or theft caused by fire (including but not limited to fire, smoke, rain, flood, water and pipe leaks, hail, ice, snow, lightning, wind, explosions, earthquake, interruption of utilities, theft, hurricane, negligence of other residents, occupants, or invited/uninvited guests or vandalism unless otherwise required by law.

We urge you to get your own insurance for losses to your personal property or injuries due to theft, fire, water damage, pipe leaks and the like.

Additionally, you are (check one) ☐ required to purchase personal liability insurance ☐ not required to purchase personal liability insurance. If no box is checked, personal liability insurance is not required. If required, failure to maintain personal liability insurance throughout your tenancy, including any renewal periods and/or lease extensions, is an incurable breach of this Lease Contract and may result in the termination of tenancy and eviction and/or any other remedies as provided by this Lease Contract or state law.

You acknowledge that no portion of the rent paid by you under this agreement will be specifically allocated for the purchase of the owner's structural fire insurance, though the owner may use a portion of gross rental proceeds obtained from all rental units in the community to purchase such structural fire insurance, and in such an event that you are in no way a co-insured under any such policy.

**9. LOCKS AND LATCHES.** Keyed lock(s) will be rekeyed after the prior resident moves out. The rekeying will be done before you move into your apartment.

You may at any time ask us to change or rekey locks or latches during the Lease Term. You must comply with those requests, but you must pay for them, unless otherwise provided by law.

Payment for Rekeying, Repairs, Etc. You must pay for all repairs or replacements arising from misuse or damage to devices by you or your occupants, or guests during your occupancy. You may be required to pay in advance if we notify you within a reasonable time after your request that you are more than 30 days delinquent in reimbursing us for repairing or replacing a device which was misused or damaged by you, your guest or an occupant; or if you have requested that we repair or change or rekey the same device during the 30 days preceding your request and we have complied with your request. Otherwise, you must pay immediately after the work is completed.



**EXHIBIT 1**

Page 1 of 6

Riverstone Rush
© 2017, National Apartment Association, Inc. - 10/2017, North Carolina

**41. SEVERABILITY.** If any provision of this Lease Contract is invalid or unenforceable under applicable law, such provision shall be ineffective to the extent of such invalidity or unenforceability only without invalidating or otherwise affecting the remainder of this Lease Contract. The court shall interpret the lease and provisions herein in a manner such as to uphold the valid portions of this Lease Contract while preserving the intent of the parties.

**42. ORIGINALS AND ATTACHMENTS.** This Lease Contract has been executed in multiple originals, with original signatures. We will provide you with a copy of the Lease Contract. Your copy of the Lease Contract may be in paper format, in an electronic format at your request, or sent via e-mail if we have communicated by e-mail about this Lease. Our rules and community policies, if any, will be attached to the Lease Contract and provided to you at signing. When an Inventory and Condition form is completed, you should retain a copy, and we should retain a copy. Any addenda or amendments you sign as a part of executing this Lease Contract are binding and hereby incorporated into and made part of this Lease Contract between you and us. This lease is the entire agreement between you and us. You acknowledge that you are NOT relying on any oral representations.

```
You are legally bound by this document.
Read it carefully before signing.
```

Resident or Residents (all sign below)

_Diandra Kugh_ _____

_____ _____

_____ _____

Owner or Owner's Representative (signing on behalf of owner)

_Jhanie Otis_ _____

Address and phone number of owner's representative for notice purposes

100 Cascade Falls Ln _____

Durham, NC 27713 _____

(919) 806-5400 _____

Name and address of locator service (if applicable)

_____ _____

_____ _____

Date form is filled out (same as on top of page 1) ____12/12/2017____

SPECIAL PROVISIONS (CONTINUED FROM PAGE) _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

| | STATE OF NORTH CAROLINA    FILED | |
|---|---|---|
| File No. | DURHAM _____ County    2017 MAR 27 PM 3:07 | In The General Court Of Justice District Court Division-Small Claims |

**COMPLAINT IN SUMMARY EJECTMENT**

G.S. 7A-216, 7A-232; Ch. 42, Art. 3 and 7

*Name And Address Of Plaintiff*
NRP Alston Village LLC

dba Falls Pointe at The Park
100 Cascade Falls Lane

Durham                    NC   27713

| County | Telephone No. |
|---|---|
| DURHAM | (919)806-5400 |

**VERSUS**

*Name And Address Of Defendant 1*  ☒ Individual  ☐ Corporation
Demetra Rush
300 Cascade Falls Lane
Apt 207

DURHAM                    NC   27713

| County | Telephone No. |
|---|---|
| DURHAM | |

*Name And Address Of Defendant 2*  ☒ Individual  ☐ Corporation

| County | Telephone N... |
|---|---|

*Name And Address Of Plaintiff's Attorney Or Agent*
Shanae Auguste
Loebsack & Brownlee, PLLC
P.O. Box 78058
Charlotte                  NC  28271
(704)970-3900

AOC-CVM-201, As Revised by Counsel for Plaintiff

1. The defendant is a resident of the county named above.
2. The defendant entered into possession of premises described below as a lessee of plaintiff.

| Description Of Premises (Include Location) 300 Cascade Falls Lane,Apt 207,DURHAM,NC 27713 | | | ☐ Conventional ☐ Public Housing ☒ Section 8 |
|---|---|---|---|
| Rate Of Rent $  859.00 per  ☒ Month ☐ Week | Date Rent Due 01/01/2017 | Date Lease or Possession Terminated | Type Of Lease ☐ Oral ☒ Written |

3. ☐ The defendant failed to pay the rent due on the above date and the plaintiff made demand for the rent and waited the 10-day grace period before filing the complaint.

☐ The lease period ended on the above date and the defendant is holding over after the end of the lease period.

☒ The defendant breached the condition of the lease described below for which re-entry is specified.

☐ Criminal activity or other activity has occurred in violation of G.S. 42-63 as specified below.

*Description Of Breach/Criminal Activity (give names, dates, places and illegal activity)*
Failure to pay monthly rent when due/in full, from the date above through the hearing date.

4. The plaintiff has demanded possession of the premises from the defendant, who has refused to surrender it, and the plaintiff is entitled to immediate possession.

5. Pursuant to G.S. 42-28, Plaintiff hereby omits any claim for rents or damages and is seeking possession of the premises only. Plaintiff reserves the right to seek any monetary damages in a separate civil action.

*Description Of Any Property Damage*

| Amount Of Damage (If Known) $  CLAIMS RESERVED | Amount of Rent Unpaid $   2,344.00 | Total Amount Due $   POSSESSION ONLY |
|---|---|---|

6. Plaintiff therefore requests to be put in possession of the Premises.

| Date 3/24/2017 | Name Of Plaintiff/Attorney/Agent (Type Or Print) Shanae Auguste | Signature Of Plaintiff/Attorney/Agent Shanae Auguste |
|---|---|---|

**CERTIFICATION WHEN COMPLAINT SIGNED BY AGENT OF PLAINTIFF**

I certify that I am an agent of the plaintiff and have actual knowledge of the facts alleged in this Complaint.

| Date 3/24/2017 | Name Of Agent (Type Or Print) | Signature Of Agent |
|---|---|---|

(Over)

EXHIBIT 2

## INSTRUCTIONS TO PLAINTIFF OR DEFENDANT

1. The PLAINTIFF must file a small claim action in the county where at least one of the defendants resides.

2. The PLAINTIFF cannot sue in small claims court for more than $10,000.00 excluding interest and costs unless further restricted by court order.

3. The PLAINTIFF must show the complete name and address of the defendant to ensure service on the defendant. If there are two defendants and they reside at different addresses, the plaintiff must include both addresses. The plaintiff must determine if the defendant is a corporation and sue in the complete corporate name. If the business is not a corporation, the plaintiff must determine the owner's name and sue the owner.

4. The PLAINTIFF may serve the defendant(s) by mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, addressed to the party to be served or by paying the costs to have the sheriff serve the summons and complaint. If certified or registered mail is used, the plaintiff must prepare and file a sworn statement with the Clerk of Superior Court proving service by certified mail and must attach to that statement the postal receipt showing that the letter was accepted.

5. In filling out number 3 in the complaint, if the landlord is seeking to remove the tenant for failure to pay rent when there is no written lease, the first block should be checked. (Defendant failed to pay the rent due on the above date and the plaintiff made demand for the rent and waited the ten (10) day grace period before filing the complaint.) If the landlord is seeking to remove the tenant for failure to pay rent when there is a written lease with an automatic forfeiture clause, the third block should be checked. (The defendant breached the condition of the lease described below for which re-entry is specified.) And "failure to pay rent" should be placed in the space for description of the breach. If the landlord is seeking to evict tenant for violating some other condition in the lease, the third block should also be checked. If the landlord is claiming that the term of the lease has ended and the tenant refuses to leave, the second block should be checked. If the landlord is claiming that criminal activity occurred, the fourth block should be checked and the conduct must be described in space provided.

6. The PLAINTIFF must pay advance court costs at the time of filing this Complaint. In the event that judgment is rendered in favor of the plaintiff, court costs may be charged against the defendant.

7. The PLAINTIFF must appear before the magistrate to prove his/her claim.

8. The DEFENDANT may file a written answer, making defense to the claim, in the office of the Clerk of Superior Court. This answer should be accompanied by a copy for the plaintiff and be filed no later than the time set for trial. The filing of the answer DOES NOT relieve the defendant of the need to appear appear before the magistrate to assert the defendant's defense.

9. Requests for continuances of cases before the magistrate may be granted for good cause shown and for no more than five (5) days per continuance unless the parties agree otherwise.

10. The magistrate will render judgment on the date of hearing unless the parties agree otherwise, or the case is complex as defined in G.S. 7A-222, in which case the decision is required within five (5) days.

11. The PLAINTIFF or the DEFENDANT may appeal the magistrate's decision in this case. To appeal, notice must be given in open court when the judgment is entered, or notice may be given in writing to the Clerk of Superior Court within ten (10) days after the judgment is entered. If notice is given in in writing, the appealing party must also serve written notice of appeal on all other parties. The appealing party must PAY to the Clerk of Superior Court the costs of court for appeal within ten (10) days after the judgment is entered. If the appealing party applies to appeal as an indigent, and that request is denied, that party has an additional five (5) days to pay the court costs for the appeal.

12. If the defendant appeals and wishes to remain on the premises the defendant must also post a stay of execution bond within ten (10) days after the judgment is entered. In the event of an appeal by the tenant to district court, the landlord may file a motion to dismiss that appeal under G.S. 7A-228(d). The court may decide the motion without a hearing if the tenant fails to file a response within ten (10) days of receipt of the motion.

13. Upon request of the tenant within seven (7) days of the landlord being placed in lawful possession, the landlord shall release any personal property of the tenant. After seven (7) days, the landlord may sell, throw away or dispose of said property. If sold, the landlord must disburse any surplus proceeds to the tenant upon request within seven (7) days of the sale. If the total value of the property is less than $500.00, it is deemed abandoned five (5) days after execution.

14. This form is supplied in order to expedite the handling of small claims. It is designed to cover the most common claims.

15. **The Clerk or magistrate cannot advise you about your case or assist you in completing this form. If you have any questions, you should consult an attorney.**

AOC-CVM-201, Side Two, As Revised by Counsel for Plaintiff

242379

17 CV 02897

# STATE OF NORTH CAROLINA

$30

DURHAM County

In The General Court Of Justice
District Court Division - Small Claims

Plaintiff(s)
NRP Alston Village LLC

450642

dba Falls Pointe at The Park

**VERSUS**

**MAGISTRATE SUMMONS**
☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

G.S. 1A-1, Rule 4; 7A-217, -232

Defendant(s)
Demetra Rush

| Date Original Summons Issued |
|---|
| Date(s) Subsequent Summons(es) Issued |

| TO | TO |
|---|---|
| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
| Demetra Rush | |
| 300 Cascade Falls Lane | |
| Apt 207 | |
| DURHAM      NC      27713 | |

## A Small Claim Action Has Been Commenced Against You!

You are notified to appear before the magistrate at the specified date, time, and location of trial listed below. You will have the opportunity at the trial to defend yourself against the claim stated in the attached complaint.

You may file a written answer, making defense to the claim, in the office of the Clerk of Superior Court at any time before the time set for trial. Whether or not you file an answer, the plaintiff must prove the claim before the magistrate.

If you fail to appear and defend against the proof offered, the magistrate may enter a judgment against you.

| Date Of Trial | Time Of Trial | | Location Of Court |
|---|---|---|---|
| 4/5/2017 | 9:00 | ☒ AM  ☐ PM | 3rd Floor; 510 S. Dillard Street, Durham, NC, 27701 |

Name And Address Of Plaintiff Or Plaintiff's Attorney
NRP Alston Village LLC d/b/a Falls Pointe at The Park

100 Cascade Falls Lane

Durham          NC      27713

Date Issued
MAR 2 7 2017

Signature

☒ Deputy CSC    ☐ Assistant CSC    ☐ Clerk Of Superior Court

**EXHIBIT**
3

AOC-CVM-100, Rev. 10/14
© 2014 Administrative Office of the Courts

(Over)

## RETURN OF SERVICE

I certify that this summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | Name Of Defendant |
|---|---|---|
| | ☐ AM ☐ PM | Demetra Rush |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copy Left (if corporation, give title of person copy left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | Name Of Defendant |
|---|---|---|
| | ☐ AM ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copy Left (if corporation, give title of person copy left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| **FOR USE IN SUMMARY EJECTMENT CASES ONLY:** | ☑ Service was made by mailing by first class mail a copy of the summons and complaint to the defendant(s) and by posting a copy of the summons and complaint at the following premises: |
|---|---|

| Date Served | Name(s) Of The Defendant(s) Served By Posting |
|---|---|
| 03-29-17 8:55 A.m. | DEMETRA RUSH |

Address Of Premises Where Posted

300 CASCADE FALLS LN. APT 207

| Service Fee | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | T.R. Tie Tole #523 |
| Date Received | Name Of Deputy Sheriff Making Return (type or print) |
| | T.R. FIELDS #523 |
| Date Of Return | County Of Deputy Sheriff Making Return |
| 03-29-17 | DURHAM. |

AOC-CVM-100, Side Two, Rev. 10/14
© 2014 Administrative Office of the Courts

17-32

EXHIBIT F

| File No. | Abstract No. |
|---|---|
| 17CVM2897 | FILED |

Film No. 17-32

Judgment Docket Book And Page No. 17 APR -5 PM 12: 29

DURHAM COUNTY, C.S.C.

## JUDGMENT
## IN ACTION FOR
## SUMMARY EJECTMENT

G.S. 7A-210(2), 7A-224; 42-30

**Name And Address Of Plaintiff**
NRP Alston Village LLC

dba Falls Pointe at The Park

100 Cascade Falls Lane

Durham                    NC  27713

| County | Telephone No. |
|---|---|
| DURHAM | (919)806-5400 |

**VERSUS**

**Name And Address Of Defendant 1**
Demetra Rush

300 Cascade Falls Lane

Apt 207

DURHAM                    NC  27713

| County | Telephone No. |
|---|---|
| DURHAM | |

**Name And Address Of Defendant 2**

| County | Telephone |
|---|---|

**Name And Address Of Plaintiff's Attorney**
Loebsack & Brownlee, PLLC

P.O. Box 78058

Charlotte                 NC  28271

---

# STATE OF NORTH CAROLINA

DURHAM _____ County

In The General Court Of Justice
District Court Division-Small Claims

This action was tried before the undersigned on the cause stated in the complaint. The record shows that the defendant was given proper notice of the nature of the action and the date, time and location of trial.

| FINDINGS |
|---|

The Court finds that:
1. ☐ a. the plaintiff has proved the case by the greater weight of the evidence.
   ☐ b. the plaintiff has failed to prove the case by the greater weight of the evidence.
   ☒ c. the plaintiff requested and was entitled to a judgment for possession based on the pleading.
2. the defendant(s)  ☐ was  ☒ was not  present.  ☒ The defendant was served by postings
3. ☒ a. there is no dispute as to the amount of rent in arrears, and the amount is $ _____ 2,632.42  4/5/17
   ☐ b. there is an actual dispute as to the amount of rent in arrears.  The defendant(s) claims the amount
       of rent in arrears is $ _____, and this amount is the undisputed amount of rent
       in arrears.
4. other: Plaintiff made a claim solely for possession of the Premises and reserved all claims for monetary damages.
   The defendant(s) _____ did OR __✓__ did not raise a defense to the Plaintiff's claims.

| ORDER |
|---|

It is ORDERED that:
☒ 1. the defendant(s) be removed from and the plaintiff be put in possession of the premises described in the complaint.
☐ 2. this action be dismissed with prejudice.
☐ 3. this action be dismissed with prejudice because the defendant tendered the rent due and the court costs of this action.
☐ 4. the plaintiff recover rent of the defendant(s) in the amount and at the rate listed below, plus other damages in the amount indicated. The plaintiff is also entitled to interest on the total principal sum from this date until the judgment is paid.
☐ 5. other: (specify)

☐ 6. costs of this action are taxed to the  ☐ plaintiff.  ☐ defendant.

| Rate Of Rent | ☒ Mo. | Amt. Of Rent In Arrears (Owed To Date) |
|---|---|---|
| $ 859.00 | per ☐ Wk. | $ |

Amount of Other Damages $

**TOTAL AMOUNT** ▶ $

☒ Judgment Announced And Signed In Open Court

| Date | Signature Of Magistrate |
|---|---|
| 4/5/2017 | Jun D. |

Name Of Party Announcing Appeal In Open Court

| CERTIFICATION |
|---|

(NOTE: To be used when magistrate does not announce and sign this Judgment in open court at the conclusion of the trial.)
I certify that this Judgment has been served on each party named by depositing a copy in a post-paid properly addressed envelope in a post office or official depository under the exclusive care and custody of the United States Postal Service.

| Date | Signature Of Magistrate |
|---|---|

AOC-CVM-401, Rev. 2/06
© 2006 Administrative Office of the Courts

.awarded) on a note or evidence of indebtedness when an attorney is employed to actually collect on the evidence of indebtedness. Sterling could not claim an attorney's fee under N.C.G.S. §6-21.2 because it only sought possession by summary ejectment, and did not seek to collect any sums for unpaid rent. The Court also concludes that by imposing, and then collecting $191 from Mr. Hargrove, Sterling violated N.C.G.S. §75-54.

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion against Defendant Glenwood Raleigh Apartments, LLC d/b/a Sterling Glenwood Apartments is granted in its entirety. Plaintiff is entitled to partial judgment on the pleadings with regard to Sterling's liability under N.C.G.S. §42-46 and partial judgment on the pleadings on his claim under the North Carolina Debt Collection Act, N.C.G.S. §75-50 *et seq.* in that Sterling violated N.C.G.S. §75-54 on at least one occasion. Defendants' Motion is denied in its entirety.

This the 2 3 day of March, 2018.

THE HONORABLE A. GRAHAM SHIRLEY, II
PRESIDING SUPERIOR COURT JUDGE

SESSION LAW 2018-50
SENATE BILL 224

AN ACT TO ALLOW LANDLORDS TO RECOVER OUT-OF-POCKET EXPENSES IN SUMMARY EJECTMENT CASES.

The General Assembly of North Carolina enacts:

**SECTION 1.1.(a)** G.S. 42-46(h)(3) reads as rewritten:

"(3)   It is contrary to public policy for a landlord to put in a lease or claim any fee for filing a complaint for summary ejectment and/or money owed other than the ones expressly authorized by subsections (e) through (g) and (i) of this section, and a reasonable attorney's fee as allowed by law."

**SECTION 1.1.(b)** G.S. 42-46 is amended by adding two new subsections to read:

"(i)     Out-of-Pocket Expenses. – In addition to the late fees referenced in subsections (a) and (b) of this section and the administrative fees of a landlord referenced in subsections (e) through (g) of this section, a landlord is also permitted to charge and recover from a tenant the following actual out-of-pocket expenses:

(1)     Filing fees charged by the court.

(2)     Costs for service of process pursuant to G.S. 1A-1, Rule 4 of the North Carolina Rules of Civil Procedure and G.S. 42-29.

(3)     Reasonable attorneys' fees actually incurred, pursuant to a written lease, not to exceed fifteen percent (15%) of the amount owed by the tenant, or fifteen percent (15%) of the monthly rent stated in the lease if the eviction is based on a default other than the nonpayment of rent.

(j)     The out-of-pocket expenses listed in subsection (i) of this section are allowed to be included by the landlord in the amount required to cure a default."



EXHIBIT
tabbie's
6



**SECTION 2.** This act is effective when it becomes law.

In the General Assembly read three times and ratified this the 14th day of June, 2018.

s/ Philip E. Berger
    President Pro Tempore of the Senate


s/ Tim Moore
    Speaker of the House of Representatives


This bill having been presented to the Governor for signature on the 14th day of June, 2018 and the Governor having failed to approve it within the time prescribed by law, the same is hereby declared to have become a law. This 25th day of June, 2018.

s/ Karen Jenkins
    Enrolling Clerk

Case 1:18-cv-00886   Document 1-3   Filed 10/19/18   Page 35 of 35