IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DEMETRA RUSH, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>THE NRP GROUP LLC, NRP )<br>MANAGEMENT, LLC, NRP NORTH )<br>CAROLINA, LLC, NRP PARTNERS, )<br>LLC, NRP ALSTON VILLAGE, LLC )<br>d/b/a FALLS POINTE AT THE )<br>PARK, and NRP ALSTON )<br>MANAGEMENT, LLC, )<br>)<br>Defendants. ) | 1:18CV886 |

**FINAL ORDER**

This matter comes before the Court on Plaintiff Demetra Rush's unopposed motion for final approval of class action settlement and Class Counsel's fee application and request for approval of a service award. Having considered the written submissions and after hearing oral argument at the fairness hearings on February 3, 2020 and February 25, 2020, the Court hereby grants Plaintiff's unopposed motion for final approval of the parties' settlement [Doc. #55] and grants Class Counsel's fee application and request for service award to the Class Representative [Doc. #57]. The grounds supporting these rulings follow.

## BACKGROUND

1. This class action was filed by Plaintiff against Defendants The NRP Group LLC, NRP Management, LLC, NRP North Carolina, LLC, NRP Partners, LLC, NRP Alston Village, LLP d/b/a Falls Pointe at The Park, and NRP Alston Management, LLC. Plaintiff alleged that Defendants unlawfully charged eviction-related fees and unlawfully threatened to charge eviction-related fees. Plaintiff sought monetary and declaratory relief for violation of the North Carolina Residential Rental Agreements Act, North Carolina Debt Collection Act, and North Carolina Unfair and Deceptive Trade Practices Act. Defendants deny any and all wrongdoing of any kind whatsoever.

2. Defendants responded by moving to dismiss Plaintiff's complaint, arguing that their charging of eviction-related fees was lawful.

3. In an order dated October 11, 2019, the Court preliminarily approved the Settlement Agreement, the proposed notice plan, and the Settlement Classes. Pursuant to the plan approved by the Court, notice was disseminated to the classes. As of February 25, 2020, one Settlement Class member has opted out of the settlement and no Settlement Class Member has objected to the settlement, the proposed award of fees and expenses to Class Counsel, or the proposed service award to the class representative.

## SETTLEMENT TERMS

4.   In broad brush strokes, the Settlement Agreement establishes a settlement fund of $425,000. Each Settlement Class member is a member of one or two classes. The Collection Letter Class is defined as "all natural persons who (a) at any point between September 6, 2014 and June 25, 2018, (b) resided in any of the properties in North Carolina owned and/or managed by Defendants and (c) received a letter that threatened that NRP would file a summary ejectment lawsuit, eviction action, or notice to vacate the premises if the person failed to make a complete rental payment and that once the summary ejectment lawsuit was filed, the tenant would be charged Eviction Fees in order to dismiss the eviction action." The Eviction Fee Class is defined as "all natural persons who (a) at any point between September 6, 2014 and June 25, 2018, (b) resided in any of the properties in North Carolina owned and/or managed by Defendants and (c) were charged and (d) actually paid Eviction Fees."

5.   Collection Letter Class members may obtain $50 per letter sent to them by Defendants up to $150. Collection Letter Class members are allotted $50,500 from the settlement fund. At the time of preliminary approval, Class Counsel estimated that Eviction Fee Class members were estimated to receive

3

approximately $700 each. Based on class member participation, this estimate has been revised to approximately $850.

6. All costs of notice and claims administration have been paid by Defendants out of the settlement fund. Court approved fees and expenses for Class counsel and service award for the Class Representative will be paid by Defendants out of the settlement fund.

## **APPROVAL OF CLASS NOTICE**

7. The Settlement Classes have been notified of the settlement pursuant to the plan approved by the Court. After having reviewed the Post-Notice Declarations of the Settlement Administrator, which was responsible for carrying out the notice program, the Court hereby finds that the notice was accomplished in accordance with the Court's directive. The Court further finds that the notice program constituted the best practicable notice to the Settlement Classes under the circumstances and fully satisfies the requirements of due process, Fed. R. Civ. P. 23, and 28 U.S.C. § 1715.

## **APPROVAL OF THE SETTLEMENT**

8. The Court finds that the parties' settlement is fair, reasonable and adequate in accordance with Rule 23; was reached at arm's length without collusion or fraud; and satisfies all of the requirements for final approval. The Court has considered the complexity, expense and likely duration of the

4

litigation if the settlement is not approved; the odds of the plaintiffs succeeding at trial balanced by the risks of continued litigation; the range of possible recovery if the case is tried; the opinions of Class Counsel and the class representative; and the degree of opposition to the settlement.

9. The Court recognizes that no Settlement Class member objected to the settlement. Settlement Class member Delvena Renate Jones (Atkins) has chosen to opt-out of the settlement and has filed a valid and timely request for exclusion. Accordingly, Delvena Renate Jones (Atkins) shall not be bound by this Court's Order or the parties' settlement.

10. In short, the settlement is finally approved and the parties are directed to consummate the settlement in accordance with its terms.

## **CERTIFICATION OF THE SETTLEMENT CLASSES**

11. The Court hereby certifies the Collection Letter Class and the Eviction Fee Class. The Collection Letter Class is defined as "all natural persons who (a) at any point between September 6, 2014 and June 25, 2018, (b) resided in any of the properties in North Carolina owned and/or managed by Defendants and (c) received a letter that threatened that NRP would file a summary ejectment lawsuit, eviction action, or notice to vacate the premises if the person failed to make a complete rental payment and that once the summary ejectment lawsuit was filed, the tenant would be charged Eviction

5

Fees in order to dismiss the eviction action." The Eviction Fee Class is defined as "all natural persons who (a) at any point between September 6, 2014 and June 25, 2018, (b) resided in any of the properties in North Carolina owned and/or managed by Defendants and (c) were charged and (d) actually paid Eviction Fees."

12. Excluded from the Settlement Classes are (1) persons who are employees, directors, officers, and agents of Defendants; (2) persons who timely and properly exclude themselves from the Settlement Classes as provided in this Agreement; (3) anyone who has previously executed a written release of all claims against Defendants related to the collecting or threatening to collect Eviction Fees and would otherwise be a member of the Settlement Classes; and (4) the Court, the Court's immediate family, and Court staff.

13. Based on the record before the Court, the Court hereby finds that the Plaintiff is an adequate representative of the Settlement Classes. In so holding, the Court finds that the prerequisites of Rule 23(a) and (b)(3) have been satisfied for certification of the Settlement Classes for settlement purposes only: the Settlement Classes, which contain hundreds of members, are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Classes; the claims of the Class Representative are typical of the claims of the absent Settlement

6

Class members; the Class Representative and Class Counsel have and will adequately and fairly protect the interests of the Settlement Classes with regard to the claims of the Settlement Classes; and common questions of law and fact predominate over questions affecting only individual Settlement Class members, rendering the Settlement Classes sufficiently cohesive to warrant a class settlement.

14. In making all of the foregoing findings, the Court has exercised its discretion in certifying the Settlement Classes.

15. The Court appoints Scott C. Harris and Patrick M. Wallace of Whitfield Bryson & Mason LLP, and Edward H. Maginnis and Karl S. Gwaltney of Maginnis Law, PLLC, as Class counsel. The Court appoints Demetra Rush as Class Representative.

**APPLICATION FOR ATTORNEYS' FEES AND EXPENSES**

16. The Court finds that the parties' agreement with regard to the payment of fees and expenses was not negotiated while they were negotiating the other terms of the Settlement Agreement, and that the agreement was not the product of collusion or fraud. Instead, the amount of attorneys' fees to be paid by Defendants was proposed after the other terms of the settlement had been agreed upon.

17. The requested fee is justified under the percentage of the fund approach adopted by courts in this Circuit. *See Phillips v. Triad Guar. Inc.*, No. 1:09CV71, 2016 WL 2636289, at *2 (M.D.N.C. May 9, 2016) ("This Court, too, is persuaded that the percentage of the fund method, supplemented with the lodestar cross-check, is the appropriate means by which to determine an award of attorneys' fees in this case."); *Smith v. Krispy Kreme Doughnut Corp.*, No. 1:05CV00187, 2007 WL 119157, at *1 (M.D.N.C. Jan. 10, 2007) ("On the question of attorneys fees, the Court finds that in a common fund case such as this, a reasonable fee is normally a percentage of the Class recovery.")

18. This fee represents one third (33%) of the total benefit to the Settlement Classes. In approving the requested fee, the Court has considered the factors listed in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), including (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of

the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. All of these factors either support the fee requested here or are neutral.

19. The requested fee is also supported by a lodestar analysis. Class Counsel report that they have already recorded a combined total of more than 450 hours having a value in excess of $170,000, and that they will incur additional time before the case is finally concluded. The Court finds that the time and hourly rates are reasonable.

20. Class Counsel have provided declarations specifying that they have incurred $2,753.67 in the prosecution of this litigation on behalf of the classes. The Court finds their expenses were reasonably and necessarily incurred and, as a result, Class Counsel are entitled to reimbursement for their expenses, in addition to the $140,250.00 fee award.

## **SERVICE AWARD**

21. The Settlement Agreement provides that Defendants, subject to Court approval, will pay $2,500 to Demetra Rush for her service as Class Representative. The Court finds that payment of a service award is appropriate in light of her work on behalf of the Settlement Classes and that no Settlement Class member has objected to the service award. The Court

9

hereby approves the service award, which shall be paid consistent with the parties' Settlement Agreement.

## CY PRES

22. In the event that Settlement Class members fail to cash their checks within six (6) months of mailing, as provided in the Settlement Agreement, such that the Settlement Fund has a positive balance, all remaining amounts in the Settlement Fund shall be equally divided and disbursed to the approved *cy pres* recipients: Duke Eviction Diversion Program and Legal Aid of North Carolina. The Claims Administrator is ordered to provide a report to Class Counsel of all money in the Settlement Fund left undisbursed within fifteen (15) calendar days after the 6-month period has elapsed.

A judgment will be entered contemporaneously with this Order.

SO ORDERED, this the 27th day of February, 2020.

/s/ N. Carlton Tilley, Jr.<br>Senior United States District Judge

10

Case 1:18-cv-00886-NCT-JEP   Document 60   Filed 02/27/20   Page 10 of 10